Jasmine M. Peters (# 7-5714)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
JMPeters@hollandhart.com

John E. Phillips
(*Pro Hac Vice* forthcoming)
Florida Bar No. 823155
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
John.Phillips@phelps.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MIRANDA JAYROE,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>   Defendant. | Case No. |

## <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant United Parcel Service, Inc. ("Defendant"), files this Notice of Removal of the above-styled action from the District Court for the Third Judicial District, Sweetwater County, Wyoming, to the United States District Court for the District of Wyoming, and states as follows:

1.      This is a civil action initially filed by Plaintiff Miranda Jayroe in the District Court for the Third Judicial District, Sweetwater County, Wyoming, styled *Miranda Jayroe v. United Parcel Service, Inc.*, Case No. 2026-CV-0000095 ("State Court Action").

2.      Plaintiff filed the Complaint on or about April 23, 2026, asserting claims for violations of Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and certain state law claims.

3.      Defendant was served with the Summons and Complaint on May 4, 2026.

4.      This Notice of Removal is timely filed within thirty (30) days of service. *See* 28 U.S.C. § 1446(b)(1).

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the State Court Action is pending in Sweetwater County, Wyoming, which lies within the District of Wyoming.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed, served, and docketed in the state court are attached to this Notice.

8.      Defendant will promptly provide a copy of this Notice of Removal to Plaintiff and the Clerk of District Court for the Third Judicial District, Sweetwater County, Wyoming in which it was filed. *See id.* § 1446(d).

Dated May 26, 2026

/s/ *Jasmine M. Peters*
Jasmine M. Peters (Bar #7-5714)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
JMPeters@hollandhart.com

John E. Phillips
(*Pro Hac Vice* forthcoming)
Florida Bar No. 823155
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
John.Phillips@phelps.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, a true and correct copy of the foregoing was served

via regular U.S. Mail to the following:

George B. Asay
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001

*Attorney for Plaintiff*

*/s/_Valerie Arias*_____
Legal Assistant for Holland & Hart LLP

37997450_v1

4



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 33973376**
**Date Processed: 05/05/2026**

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Walter Gil<br>Sonja Jackson<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc. |
| **Title of Action:** | Miranda Jayroe vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Miranda Jayroe vs. United Parcel Service, Inc. (19214058) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sweetwater County District Court, WY |
| **Case/Reference No:** | 2026-CV-0000095 |
| **Jurisdiction Served:** | Wyoming |
| **Date Served on CSC:** | 05/04/2026 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Associated Legal Group, LLC<br>307-632-2888 |
| **Client Requested Information:** | Matter Type: Other/NA |

**Notes:**    The document matches the original as it was received.  All pages served are included in the image.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Greg B. Asay W.S.B. #7-5032
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)
*Attorneys for Plaintiff, Miranda Jayroe*

## IN THE DISTRICT COURT
## FOR THE THIRD JUDICIAL DISTRICT, SWEETWATER COUNTY

| | | |
|---|---|---|
| MIRANDA JAYROE, | ) | |
| Plaintiff, | ) | |
| | ) | Docket No._____ |
| vs. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

---

## SUMMONS

---

To the above named defendant:    United Parcel Service, Inc.,
                                 c/o
                                 Corporation Service Company
                                 1821 Logan Ave
                                 Cheyenne, WY 82001.

YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff's attorney, Greg B. Asay, Associated Legal Group, LLC, 1812 Pebrican Avenue, Cheyenne, WY 82001 – Telephone: (307) 632-2888, Facsimile: (307) 632-2828, an Answer to the Verified Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this _____ day of _____, 2026.

**ISSUED/SIGNED**
2026-CV-0000095
04/24/2026



Clerk of District Court
Issued/Signed By:Donna Ratliff

1

2

_____
Clerk of District Court

| RETURN OF SERVICE | |
| --- | --- |
| Service of the Summons and Verified Complaint was made by me. | DATE |
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

G    Served personally upon the defendant. Place where served:

G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

G    Returned unexecuted:

G    Returned unexecuted:

G    Other (specify):

| STATEMENT OF SERVICE FEES | | |
| --- | --- | --- |
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
           *Date*                                        *Signature of Server*

                                             _____
                                                 *Address of Server*

WY Sweetwater County District
Court 3rd JD
Apr 23 2026 11:00AM
Unassigned
79135498

**FILED**

2026-CV-0000095

Clerk of District Court
Sweetwater County
Filed by: Donna Ratliff

Bruce S. Asay  W. S. B. # 5 – 1739
Gregory B. Asay W.S.B. #7-5032
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)

*Attorneys for Plaintiff, Miranda Jayroe*

## IN THE DISTRICT COURT

## FOR THE THIRD JUDICIAL DISTRICT, SWEETWATER COUNTY

| | | |
|---|---|---|
| MIRANDA JAYROE, | ) | |
| Plaintiff, | ) | |
| | ) | Docket No._____ |
| vs. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

The Plaintiff, Miranda Jayroe (Plaintiff or Jayroe), by and through her undersigned

counsel, for her Complaint, against Defendant, United Parcel Service, Inc., (Defendant or UPS),

states and alleges as follows:

## INTRODUCTION

1.      This is an action brought by the Plaintiff against UPS, the Defendant, for

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. (as amended),

and certain state law claims. The Plaintiff brings this action for actual and compensatory

damages as well as attorney's fees and punitive damages. The Plaintiff brings this *Complaint* for

discrimination and retaliation based on her unlawful termination from employment in 2025

1

where Ms. Jayroe previously worked for the Defendant.

## PARTIES

2.    Ms. Jayroe is a resident of Rock Springs, Wyoming. At all times relevant to this action, Plaintiff was employed by Defendant UPS at the company's Rock Springs facility as On-Road Supervisor. The Plaintiff is a female and a member of a protected group.

3.    UPS is a world-wide package delivery and business logistics company operating in more than 220 countries and territories. On information and belief, UPS employs over 350,000 individuals in the United States and an estimated 1,000 individuals in Wyoming.

## JURISDICTION

4.    This Court has jurisdiction over this matter as the causes of action arose under the laws of the United States of America and the state of Wyoming. As the acts complained of herein were and are now being committed within the state of Wyoming, this Court has jurisdiction over any contract, statutory or common law claim. Further, the District Court has jurisdiction over claims made under Title VII.

5.    At the filing of this lawsuit, the Plaintiff has accomplished all conditions precedent to bringing this litigation which includes the filing of a claim with the Wyoming Department of Workforce Services and the Equal Employment Opportunity Commission ("EEOC"). As a condition precedent to bringing this action, the Plaintiff has received a right to sue letter attached hereto as **Exhibit 1**, which requires the filing of a lawsuit within 90 days of January 26, 2026.

## GENERAL FACTUAL ALLEGATIONS

2

6.     The Plaintiff began working for Defendant on November 1, 2016.  On April 1, 2020 the Plaintiff was promoted to full time on road supervisor.  Plaintiff enjoyed the work and believes she would work there until she retired.

7.     The Plaintiff is a woman and part of a protected status which is readily apparent and known to the Defendant.

8.     Although Plaintiff's work was exemplary, it was not without difficulty, and she endured many instances of harassment and sexual harassment.  The Plaintiff made multiple complaints and reports, which only appeared to increase her duties at work.  By 2024, she was disillusioned with the Defendant's willingness to address harassment in the workplace, at least on the local level.

9.     Despite this, the Plaintiff continued working satisfactorily.

10.    Around April or May of 2024, UPS hired a new young woman, H. W. as a preloader.  Another supervisor began to flirt with H.W. despite a substantial age difference and H.W.'s obvious indifference. H.W., as a woman is a member or a protected class and when she complained to the Plaintiff that this supervisor was making her uncomfortable, the Plaintiff reported this to her supervisor, John Curzon and asked him to speak to the male employee.

11.    It did not appear to Plaintiff that Mr. Curzon ever spoke to the male employee, as the employee's behavior continued to escalate and become more inappropriate.  Although H.W. would sometimes be playful, she came to the Plaintiff in August and told Plaintiff that she had had enough with the employee's advances.

12.    The Plaintiff, after having already reporting the male employee to Mr. Curzon on multiple occasions, encouraged H.W. to call the UPS 1800 number in order to escalate her

3

complaint on August 18, 2024. The Plaintiff provided the number to H.W. and allowed H.W. to make the call from Plaintiff's office.

13.     Shortly after H.W. had completed the call, the Plaintiff called Mr. Curzon and informed him that she had assisted H.W. with making a call to the 1800 number to report the sexual harassment of the male employee.

14.     Within days, the Plaintiff was removed from her position and placed on administrative leave pending investigation.

15.     Plaintiff was left on administrative leave for months until she was terminated on February 14, 2025. Ironically, Mr. Curzon, the supervisor whom she had made so many reports to, terminated her for failure to report sexual harassment, and for what he called failure to protect.

16.     The Plaintiff timely filed a claim with the EEOC and this action follows the Plaintiff receiving a right to sue letter from that agency.

17.     Further facts will be discussed below as relevant.

**CLAIM I- Retaliation in violation of Title VII of the Civil Rights Act of 1964**

18.     Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

19.     Plaintiff engaged in protected opposition to discrimination when she reported to her supervisor the sexual harassment and unwanted advances towards herself and eventually towards a coworker, H.W. She further engaged in protected opposition when she assisted H.W. in reporting sexual harassment by calling the UPS Ethics Hotline, and then informing her supervisor that the call had been made.

4

20.     The Plaintiff was subjected to a materially adverse employment action when she was first placed on administrative leave and then when she was terminated by UPS.

21.     The Plaintiff's protected activity was the cause of the adverse employment action as UPS immediately placed her on administrative leave, and then terminated her employment. Further, on information and belief the matter was not appropriately handled, and her supervisor, to whom she had reported multiple instances of sexual harassment was not disciplined.

22.     As a direct and proximate cause of the Defendant's unlawful, willful and discriminatory action, Plaintiff has suffered damages, including: lost wages, both past and future, as well as the benefits associated with her employment and will continue to lose such benefits in the future. She has also suffered physical and emotional pain and incurred attorney's fees and costs to which she is entitled.

### CLAIM II- Discrimination in Violation of the Civil Rights Act.

23.     Plaintiff incorporates and re-alleges each and every preceding allegation as if fully set forth herein.

24.     The Plaintiff, as a woman is part of a protected class recognized under Title VII of the Civil Rights Act. Plaintiff was qualified for the work she was performing and received minimal corrections on her performance. The Plaintiff assisted and reported sexual harassment for years to supervisors without any noticeable difference in the work environment. As indicated above, this continued and culminated with a report about a protected coworker who was being harassed.

25.     UPS will likely assert that the Plaintiff was terminated for having knowledge of an employee sexually harassing employees, but failing to escalate these matters. While the Plaintiff made repeated reports to her supervisor about the male employee's conduct, that

5

supervisor was not disciplined for failing to address the same concerns. Indeed, on information and belief there are other non-female employees similarly situated to the Plaintiff that continue to have their employment with UPS.

26.     As a direct and proximate cause of the Defendant's unlawful, willful and discriminatory action, Plaintiff has suffered damages, including: lost wages, both past and future, as well as the benefits associated with her employment and will continue to lose such benefits in the future. She has also suffered physical and emotional pain and incurred attorney's fees and costs to which she is entitled.

### CLAIM III- Breach of the Duty of Good Faith and Fair Dealing

27.     Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

28.     The Plaintiff's employment contract, whether explicit or implied, between Plaintiff and Defendant necessarily includes a covenant of good faith and fair dealing. In light of the abuse and promises that were made to the Plaintiff by virtue of the contract, and Defendant's alleged robust professional conduct and anti-harassment policies, the Plaintiff is to be considered a person with a special relationship with Defendant.

29.     By information and belief, Plaintiff's termination was contrived and constructed by Defendant with concerted animus to be accomplished in such a manner as to deprive her of status, property interest, salary and benefits to which she was entitled under her contract. The termination breached the duty of good faith and fair dealing.

30.     As a direct and proximate result of the violation of the duty good faith and fair dealing by Defendant, Plaintiff has been damaged as set forth herein

### CLAIM IV-Enhanced Compensatory Damages

6

31.     Plaintiff incorporates and re-alleges each and every proceeding allegation as if fully set forth herein.

32.     The Defendant through its agents and employees acted in a wanton, intentional, malicious or oppressive manner justifying an award of enhanced compensatory or punitive damages. Defendant not only ignored the Plaintiff's repeated complaints, but asserted that no such complaints were made. Defendant acted to protect and defend the harassers while attacking and terminating those attempting to hold UPS accountable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief of the court as follows:

1.     For Judgment against Defendant in favor of Plaintiff sufficient to compensate her for injuries caused by the unlawful actions of the Defendant as will be proved at trial;
2.     For past wages, front pay, back pay, benefits, future losses, emotional pain, suffering, inconvenience, mental suffering, loss of enjoyment of life, prejudgment interest, all due to the Defendant's interference with Plaintiff's civil rights as guaranteed by the Constitution of the United States of America and state of Wyoming;
3.     For punitive and exemplary damages relating to Defendants malicious, intentional and wanton misconduct which was allowed with impunity throughout Plaintiff's employment;
4.     For Plaintiff's costs and reasonable attorney's fees incurred herein pursuant to federal and state law; and
5.     For such other relief this Court deems just and equitable in the premises.

DATED this 23rd day of April, 2026.

Gregory B. Asay W.S.B. #5-7032
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)
Attorneys for Plaintiff

7

## Verification

I, Miranda Jayroe of Rock Springs, Wyoming, have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

*Miranda Jayroe*
Miranda Jayroe

STATE OF _Wyoming_ )
                    ) SS.
COUNTY OF _Sweetwater_ )

The foregoing instrument was acknowledged, subscribed, and sworn to before me this __20__ day of _April_____, 2026 by Miranda Jayroe.

_____
Notary Public

My Commission Expires: _5/11/2029_ !

```
CADENCE ALLDREDGE
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 168468
MY COMMISSION EXPIRES: 05/11/2029
```